**Raymond L. VANZANDT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–9908–CR–606.**

Court of Appeals of Indiana.

June 12, 2000.

Kurt A. Young, Nashville, Indiana, for Appellant.

Karen Freeman–Wilson, Attorney General of Indiana, James B. Martin, Deputy Attorney General, Indianapolis, Indiana, for Appellee.

## OPINION

ROBB, Judge

Raymond L. Vanzandt was found guilty by a jury and convicted of two counts of

robbery, both Class B felonies, one count of criminal confinement, a Class B felony and one count of carrying a handgun without a license, a Class C felony. He was also adjudicated to be an habitual offender. He now appeals. We affirm.

### Issues

Vanzandt raises two issues for our review, which we restate as follows:

1. Whether the trial court, by asking Vanzandt whether he was going to testify prior to the State resting its case-in-chief and by telling Vanzandt that he was "crazy" if he did, violated Vanzandt's right to testify on his own behalf; and

2. Whether the trial court erred in accepting Vanzandt's stipulation that he had committed the prior offenses upon which the State was relying to enhance his carrying a handgun without a license charge and to support the habitual offender enhancement and not submitting the enhancement phase to the jury.

### Facts and Procedural History

On December 3, 1998. Vanzandt entered a grocery store in Marion County, approached a cashier, pulled out a handgun, pointed it at the cashier and demanded that the cashier open the cash drawer and get down on the ground. The cashier complied, and Vanzandt took money from the register. Vanzandt then went into the store's office, pointed his gun at an employee working there and told her to open her register and take out the money. She did as asked and laid the money on the counter. Vanzandt took the money and left the store.

Vanzandt was charged with two counts of robbery, one count of criminal confinement, and one count of carrying a handgun without a license. He was also charged with an enhancement of the handgun charge from a Class A misdemeanor to a Class C felony due to a previous handgun conviction, and with being an habitual offender. Vanzandt was found guilty by a jury of the four substantive charges. Thereafter, the enhancement phase of the trial began with the trial court reading preliminary instructions to the jury. At the conclusion of the instructions, Vanzandt indicated that he wished to admit the prior convictions. The trial court excused the jury, took sworn testimony from Vanzandt regarding the prior convictions, admitted the State's exhibits, and enhanced the handgun conviction to a Class C felony, as well as finding Vanzandt to be an habitual offender. Vanzandt was sentenced to a total of thirty years, with two suspended. Additional facts will be supplied as necessary.

### Discussion and Decision

#### I. Right to Testify

Vanzandt contends that in asking whether he intended to testify before the State rested its case and telling him that he was "crazy" if he did, the trial court improperly infringed upon his right to testify on his own behalf.

##### A. Standard of Review

■■■ The right to testify on one's own behalf in a criminal proceeding has been described by the United States Supreme Court as "a right implicit in the Constitution." *United States v. Dunnigan*, 507 U.S. 87, 96, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). *See also Baxter v. State*, 522 N.E.2d 362, 368 (Ind.1988) ("In light of all of these cases, we accept Baxter's claim that his right to testify is constitutionally based."). However, a trial court judge has no affirmative duty to insure that a defendant represented by counsel knowingly and intelligently waived his right to testify at trial. *Correll v. State*, 639 N.E.2d 677, 681–82 (Ind.Ct.App.1994). A trial court is entitled to presume that a lawyer and his client have discussed the possibility of testifying. *Phillips v. State*, 673 N.E.2d 1200, 1202 (Ind.1996).

### B. Vanzandt's Continuing Right to Testify

At the conclusion of the first day of Vanzandt's jury trial, the following exchange took place:

[Court]: State do you have any additional witnesses that you will be calling tomorrow?

[State]: No not for this phase of this trial.

[Court]: [Counsel] will you be presenting any evidence?

[Defense]: I hope not.

[Court]: Well tell us now. Tell your lawyer. Are you going to testify tomorrow?

[Vanzandt]: No.

[Court]: If you do you are crazy.

[Defense]: No you are not right? I mean I am not threatening you but you are not right?

[Court]: And I am not threatening you either.

[Vanzandt]: I am going to take your advice Your Honor.

R. 339–40. Court was then adjourned.

When the court reconvened the next morning, the following exchange took place:

[Court]: Counsel when we adjourned last evening did you rest, State?

[State]: I had not yet.

[Court]: Do you intend to call any additional witnesses?

[State]: No Your Honor.

[Court]: So the State is going to rest?

[State]: Yes.

[Court]: [Counsel] are you going to present any evidence on your client's behalf?

[Defense]: No Your Honor.

[Court]: So you are going to rest....

[Defense]: That is still your belief isn't it that you are not going to testify?

[Vanzandt]: No I am not.

. . .

[Court]: Do you want to put it on the record?

[Defense]: Yes.

[Court]: Raise your right hand. Do you swear or affirm under penalties of perjury that the testimony you are about to give is the truth, the whole truth so help you God?

[Vanzandt]: Yes.

. . .

[Defense]: And we are at the conclusion of the State's case.... You have heard the testimony from yesterday have you not?

[Vanzandt]: Yes.

[Defense]: And do you know the risk inherent in testifying?

[Vanzandt]: Yes.

. . .

[Defense]: You at this time are telling the Court that you feel sufficiently comfortable with those risks that you don't want to take them is that correct?

[Vanzandt]: That is correct.

[Defense]: And that means you will not be testifying?

[Vanzandt]: That is correct.

R. 340–41.

■ Vanzandt contends that, by asking him whether he was going to testify before the State rested its case, the trial court "at the very least discouraged [him] from changing his mind prior to his opportunity to present his case [and] his right to make the decision did not, therefore, continue throughout the entirety of his trial." Brief of Appellant at 12. Vanzandt also contends that the trial court's comment that he was "crazy" if he testified risked influencing his decision and thus, "it cannot be said with any reasonable degree of certainty that [his] choice was made freely and voluntarily...." *Id.*

We disagree with both of Vanzandt's contentions. First, although it is true that the State had not formally rested its case when the trial judge asked Vanzandt if he

intended to testify, it is clear from the totality of the comments that the State had completed its presentation of evidence in its case-in-chief. Moreover, when court reconvened the next morning, and after the State formally rested its case, the defense was afforded the opportunity to present witnesses. There is no indication that the trial court would have prevented Vanzandt from testifying if he had chosen to do so at that time. Thus, we must disagree with Vanzandt's contention that he was improperly denied the right to make a decision whether or not to testify throughout the entirety of his trial.

Second, Vanzandt has not demonstrated that he did not freely and voluntarily choose not to testify. We agree that the trial court's remarks may have been imprudent. However, Vanzandt clearly stated that he did not wish to exercise his right to testify on his own behalf both before and after the trial court's comment. Under questioning by his attorney, Vanzandt clearly and unequivocally stated his intention not to testify. In fact, the trial court and Vanzandt's counsel went above and beyond the requirements of the law in making a record regarding the voluntariness of his choice. Further, Vanzandt has not alleged the substance of the testimony he would have given had he testified, and thus has not demonstrated how he was harmed even if he was unduly influenced by the trial court's comments. We see no error.

## II. Enhancement Phase

Vanzandt also contends that the trial court erred in allowing him to admit to the prior convictions used to elevate his carrying a handgun without a license charge to a Class C felony and to enhance his sentence as an habitual offender and failing to submit those issues to the jury without properly advising him of the rights he was waiving.

### A. Standard of Review

◼ Trial courts are obliged to inform a defendant pleading guilty that he is waiving his right to a public and speedy trial, to confront and cross-examine witnesses, to have witnesses testify in the defendant's favor and to require the State to prove guilt beyond a reasonable doubt. Ind. Code § 35–35–1–2; *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). "Strict compliance with our statute is demanded of our trial courts in order to determine that any waiver of fundamental constitutional rights is knowingly and intelligently given." *Tumulty v. State,* 666 N.E.2d 394, 395 (Ind.1996) (quoting *Davis v. State,* 446 N.E.2d 1317, 1321 (Ind.1983)).

### B. Admission to Prior Convictions

Following the jury's verdict with regard to the four substantive counts against Vanzandt, the trial court preliminarily instructed the jury regarding the enhancement phase of the proceedings. Thereafter, Vanzandt's counsel informed the court that Vanzandt wished to admit the prior convictions and conclude the jury phase. The trial court then asked Vanzandt, "[Y]our attorney has just advised the Court that you wish to admit to the enhancement?" R. 362. Vanzandt replied in the affirmative. The court asked, "Are you wishing to [admit to] both the C felony handgun enhancement as well as to being a habitual offender?" R. 363. Vanzandt again replied in the affirmative. He then admitted to each of the underlying felony convictions.

The State characterizes the admission as a stipulation to the evidence underlying the enhancements, citing *Gann v. State,* 570 N.E.2d 976 (Ind.Ct.App.1991), *trans. denied.* In *Gann,* the defendant claimed that his stipulation to prior convictions during the enhancement phase was the functional equivalent of a guilty plea, requiring all the attendant advisements. This court held otherwise, stating that the "trial counsel did not stipulate that Gann was an habitual offender or that the evidence stipulated was sufficient to determine Gann was an habitual offender, but

rather stipulated as to the evidence underlying the status." *Id.* at 979. The evidence was still submitted to the jury and the jury deliberated for approximately an hour before returning a verdict on the habitual offender count.

Here, the jury was dismissed. Vanzandt testified that he was admitting to the *enhancement,* not just to the underlying convictions. Thus, we believe *Gann* is inapposite to this case and that Vanzandt was, in fact, entering a plea of guilty to the handgun enhancement and habitual offender charges. However, one consequence of pleading guilty is restriction of the ability to challenge the conviction on direct appeal. *Tumulty,* 666 N.E.2d at 395. Vanzandt's challenge to the knowing and voluntary nature of his plea due to alleged inadequacies in the trial court's advisements to him can not be undertaken on direct appeal. Instead, the supreme court has created an avenue for claims addressing the validity of guilty pleas by adopting Indiana Post–Conviction Rule 1. "[P]ost-conviction relief is exactly the vehicle for pursuing claims for validity of guilty pleas." *Id.* at 396 (citing *Butler v. State,* 658 N.E.2d 72 (Ind.1995)). Therefore, Vanzandt can seek a review of his guilty plea only by filing a petition for post-conviction relief.

## *Conclusion*

There was no error in the trial court's questioning of Vanzandt regarding his intention to testify on his own behalf. Further, this direct appeal is not the appropriate avenue for Vanzandt to challenge the validity of his plea of guilty to the enhancement charges against him. Accordingly, his convictions are affirmed.

Affirmed.

SHARPNACK, C.J., and BAILEY, J., concur.