## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 20 2017, 9:12 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas P. Keller
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Frank E. Puzynski, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 20, 2017 <br><br> Court of Appeals Case No. <br> 71A04-1611-CR-2511 <br><br> Appeal from the <br> St. Joseph Superior Court <br><br> The Honorable <br> Jeffrey L. Sanford, Judge <br><br> Trial Court Cause No. <br> 71D03-1503-F5-31 |

**Kirsch, Judge.**

[1] Frank E. Puzynski ("Puzynski") was convicted after a bench trial of operating a motor vehicle while privileges are forfeited for life,[1] a Level 5 felony, and failure to remain at the scene of an accident[2] as a Class B misdemeanor. He was sentenced to six years executed for the convictions. Puzynski appeals and raises the following restated question for our review: whether the trial court committed fundamental error because it failed to advise him of his right to testify at trial.

[2] We affirm.

## Facts and Procedural History

[3] On the night of February 23, 2015, a truck, later identified as belonging to Puzynski, was involved in an accident, in which the truck struck two parked cars in South Bend, Indiana. A witness observed a light-skinned man running away from the truck. Officers from the South Bend Police Department arrived at the scene of the accident and found no one inside Puzynski's truck. Puzynski's cell phone was discovered in the truck, and it was still connected to the truck's stereo system and playing music.

[4] Later that night, Puzynski's wife, Tina Puzynski ("Tina"), contacted the Mishawaka Police Department and reported Puzynski's truck had been stolen from the Mishawaka Walmart, her place of employment. On February 25,

---

[1] *See* Ind. Code § 9-30-10-17.

[2] *See* Ind. Code § 9-26-1-1.1(b).

2015, Puzynski called the South Bend Police Department and inquired about the release of his truck. The police told Puzynski that the truck could not be released at that time.

[5] Puzynski and Tina agreed to come to the police station to be interviewed by the police. Prior to the interview, the police had spoken to a witness and viewed surveillance video of the Walmart parking lot. The information gained from the witness and video reflected that Puzynski had driven his truck to Walmart to drop Tina off at work earlier in the day on February 23 and that the truck had not been parked in the Walmart employee parking lot that day as Tina claimed. When the police confronted Tina with this information, she admitted that, at Puzynski's direction, she had lied about the theft of the truck since he was not supposed to drive due to being a habitual traffic offender.

[6] During the interview, Puzynski claimed that he had not driven his wife to work on February 23 and that Tina had driven herself to work. Puzynski stated that he was supposed to pick up the truck later that day to drive it to a job site, but that the job got canceled, and he spent the evening at a friend's house instead. He gave the police the address of the canceled job, but the address turned out to be a fictitious address. Maurice Brown ("Brown") was the name of the friend that Puzynski claimed he had spent the evening with on February 23. Brown and his wife later testified at trial that Puzynski was with them that night. The police examined the cell phone found in Puzynski's truck at the time of the accident, and such examination showed that Puzynski had called Brown during the time that Puzynski claimed to be with Brown at his home.

On March 5, 2015, the State charged Puzynski with operating a motor vehicle while privileges are forfeited for life as a Level 5 felony and failure to remain at the scene of an accident as a Class B misdemeanor. Puzynski waived a jury trial, and a bench trial was held on August 19, 2016. At the conclusion of trial, the trial court found Puzynski guilty as charged. The trial court sentenced Puzynski to six years executed. Puzynski now appeals.

## Discussion and Decision

Puzynski argues that he was denied his right to testify, which is guaranteed under the Indiana Constitution. He contends that the trial court has an affirmative duty to inquire directly as to whether a defendant wishes to testify at trial and that, at his trial, the trial court did not advise Puzynski that he had a right to testify. Puzynski asserts that the trial court committed fundamental error when it failed to conduct a discussion as to whether or not he wished to testify.

Puzynski concedes that he did not object or raise this issue to the trial court and has waived this claim. Therefore, his argument is reviewed for fundamental error. The doctrine of fundamental error is only available in egregious circumstances. *Dickerson v. State*, 957 N.E.2d 1055, 1057 (Ind. Ct. App. 2011) (citing *Brown v. State,* 799 N.E.2d 1064, 1068 (Ind. 2003)), *trans. denied*. "The mere fact that error occurred and that it was prejudicial will not satisfy the fundamental error rule." *Absher v. State,* 866 N.E.2d 350, 355 (Ind. Ct. App. 2007). Similarly, in order to invoke the fundamental error doctrine, it is not

enough to claim that a constitutional right is implicated. *Dickerson*, 957 N.E.2d at 1057. "[W]hen the issue is raised in terms of fundamental error, a defendant must demonstrate that the [constitutional] error worked to his actual and substantial disadvantage, infecting and tainting the entire trial." *Akard v. State,* 924 N.E.2d 202, 209 (Ind. Ct. App. 2010), *aff'd in relevant part*, 937 N.E.2d 811 (2010). That is, the error must be so prejudicial to the rights of the defendant as to make a fair trial impossible. *Dickerson*, 957 N.E.2d at 1057.

[10] The right to testify on one's own behalf in a criminal proceeding has been described by the United States Supreme Court as "a right implicit in the Constitution." *United States v. Dunnigan,* 507 U.S. 87, 96 (1993). The accused's right to testify is guaranteed by the Sixth Amendment and Article 1, section 13 of the Indiana Constitution. *Baxter v. State,* 522 N.E.2d 362, 368 (Ind. 1988). "However, a trial court judge has no affirmative duty to insure [sic] that a defendant represented by counsel knowingly and intelligently waived his right to testify at trial." *Vanzandt v. State*, 730 N.E.2d 721, 723 (Ind. Ct. App. 2000) (citing *Correll v. State,* 639 N.E.2d 677, 681-82 (Ind. Ct. App. 1994)). A trial court is entitled to presume that a lawyer and his client have discussed the possibility of testifying. *Phillips v. State,* 673 N.E.2d 1200, 1202 (Ind. 1996).

[11] In the present case, Puzynski was represented by counsel at trial. Therefore, because trial courts have no duty to make sure that a defendant who is represented by counsel has knowingly and intelligently waived his right to testify at trial, the fact that the trial court did not do so here cannot be error. *Id*.

Puzynski has failed to establish that the trial court committed fundamental error.[3]

[12] Affirmed.

[13] Mathias, J., and Altice, J., concur.

---

[3] Puzynski attempts to distinguish the present case from *Phillips v. State*, 673 N.E.2d 1200 (Ind. 1996) and *Correll v. State*, 639 N.E.2d 677 (Ind. Ct. App. 1994), which both held that a trial court has no affirmative duty to ensure a counseled defendant knowingly and intelligently waived his right to testify at trial. *Phillips*, 673 N.E.2d at 1202; *Correll*, 639 N.E.2d at 681-82. He contends that *Phillips* is distinguishable because in that case the defendant's counsel stated on the record that his client would not be testifying. *Appellant's Br.* at 11. He also claims that *Correll* is distinguishable because there the trial court at least discussed the defendant's right to testify during jury instructions. *Id.* Puzynski asserts that, in both of these cases, the defendants were at least made aware of the right to testify and that, here, "there is no mention anywhere in the record that Puzynski had the right, much less gave it up." *Id.* at 12. However, we find this argument to have no merit. The facts highlighted by Puzynski in these two cases did not substitute for the duty Puzynski alleges he was deprived of. Puzynski has not shown fundamental error.