## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 25 2019, 10:22 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark K. Leeman
Leeman Law Office and Cass County
Public Defender
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Justin Hines,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

June 25, 2019

Court of Appeals Case No.
19A-CR-185

Appeal from the Cass Circuit Court

The Honorable Stephen Kitts, Judge

Trial Court Cause Nos.[1]
09C01-1805-F6-223
09D01-1805-F6-223

---

[1] The case was originally filed in Cass Superior Court but was subsequently transferred and reassigned to the Cass Circuit Court.

**Bradford, Judge.**

# Case Summary

[1] Justin Hines pled guilty to Level 6 felony resisting law enforcement and Class A misdemeanor invasion of privacy. On August 2, 2018, the trial court accepted Hines's guilty plea and sentenced him to an aggregate 972-day sentence. The trial court also ordered that Hines have no contact with the victim of his invasion of privacy conviction for 972 days. Hines challenges the knowing and voluntary nature of his guilty plea on appeal. He also contends that the trial court exceeded its statutory authority by entering a no-contact order that exceeded his term of imprisonment. For its part, the State asserts that Hines cannot challenge his guilty plea on direct appeal but concedes that remand is necessary for clarification on the intended expiration date of the no-contact order. We agree with the State. Consequently, we affirm and remand with instructions.

# Facts and Procedural History

[2] On May 27, 2018, in violation of the terms of a no-contact order, Hines traveled to H.L.'s Cass County residence. After Hines knocked on H.L.'s door, a verbal altercation broke out between the two. Police were called to the scene. Once Hines returned to his car, he nearly drove over the foot of one of the responding officers.

On May 29, 2018, the State charged Hines with Count I – Level 6 felony resisting law enforcement and Count II – Class A misdemeanor invasion of privacy. Hines entered a plea of guilty to both charges on June 11, 2018. He and the State subsequently agreed to an aggregate 972-day sentence. On August 2, 2018, the trial court accepted Hines's guilty plea and sentenced him to 912 days on Count I and sixty days on Count II, both of which were to be served consecutively for an aggregate 972-day sentence. As a condition of his sentence, Hines was to have no contact with H.L. for 972 days.

# Discussion and Decision

Hines contends that his guilty plea should be vacated because the trial court failed to advise him of his *Boykin* rights during the guilty plea hearing. He also contends that the trial court exceeded its statutory authority by entering a no-contact order that extended beyond his term of incarceration.

## I. *Boykin* Challenge

> Trial courts are obliged to inform a defendant pleading guilty that he is waiving his right to a public and speedy trial, to confront and cross-examine witnesses, to have witnesses testify in the defendant's favor and to require the State to prove guilt beyond a reasonable doubt. Ind. Code § 35-35-1-2; *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). "Strict compliance with our statute is demanded of our trial courts in order to determine that any waiver of fundamental constitutional rights is knowingly and intelligently given." *Tumulty v. State*, 666 N.E.2d 394, 395 (Ind. 1996) (quoting *Davis v. State*, 446 N.E.2d 1317, 1321 (Ind. 1983)).

*Vanzandt v. State*, 730 N.E.2d 721, 725 (Ind. Ct. App. 2000).

[6]     In *Vanzandt*, the defendant entered into "a plea of guilty to [a] handgun enhancement[2] and habitual offender charges." *Id.* at 726. Vanzandt challenged his plea on direct appeal, arguing that the trial court failed to properly advise him of the rights he was waiving. *Id.* at 725. On appeal, we concluded as follows:

> [O]ne consequence of pleading guilty is restriction of the ability to challenge the conviction on direct appeal. *Tumulty*, 666 N.E.2d at 395. Vanzandt's challenge to the knowing and voluntary nature of his plea due to alleged inadequacies in the trial court's advisements to him cannot be undertaken on direct appeal. Instead, the supreme court has created an avenue for claims addressing the validity of guilty pleas by adopting Indiana Post-Conviction Rule 1. "[P]ost-conviction relief is exactly the vehicle for pursuing claims for validity of guilty pleas." *Id.* at 396 (citing *Butler v. State*, 658 N.E.2d 72 (Ind. 1995)). Therefore, Vanzandt can seek a review of his guilty plea only by filing a petition for post-conviction relief.

*Id.* at 726.

[7]     We find our conclusion in *Vanzandt* to be instructive in this case. Like in *Vanzandt*, Hines challenges the knowing and voluntary nature of his guilty plea due to alleged inadequacies in the trial court's advisements to him during the guilty plea hearing. Applying our conclusions in *Vanzandt* to this case, we

---

[2] Vanzandt was charged with the elevated crime of Class C felony carrying a handgun without a license.

conclude that Hines's challenge cannot be undertaken on direct appeal and Hines can only seek review of his guilty plea by filing a petition for post-conviction relief.[3]  *Id.*

## II.  No Contact Order

[8]      Indiana Code section 35-38-1-30 provides that a trial court "may require that, as a condition of a person's executed sentence, the person shall refrain from any direct or indirect contact with an individual."  Ind. Code § 35-38-1-30.  Hines contends that the trial court exceeded its statutory authority in this case by ordering that he have no contact with H.L. for a period that exceeds his executed sentence.  In raising this contention, Hines claims that it is clear from the record that the trial court intended to impose a no-contact order that was "co-extensive" with his executed sentence.  Appellant's Reply Br. p. 6.  As such, he contends that the no-contact order should expire upon completion of his sentence.[4]

[9]      The State concedes that the matter should be remanded to the trial court for clarification of the duration of the no-contact order, albeit for a slightly different

---

[3]  We note that on September 7, 2018, Hines filed a pro-se petition for post-conviction relief alleging ineffective assistance of his trial counsel.  In raising this allegation, Hines alluded to evidence which he claims might have bolstered his defense.  Hines, however, did not raise any challenge to the knowing or voluntary nature of his plea in his petition.

[4]  In making this assertion, Hines indicates that he will likely serve an executed sentence of less than 972 days because he will likely be awarded "good time credit" while incarcerated.  Appellant's Br. p. 11.  To the extent that Hines claims, without citing to any relevant authority, that his good time credit should also apply to the duration of the no-contact order, we disagree.

reason. The State points out that in sentencing Hines, the trial court ordered that Hines have no contact with H.L. for a term of 972 days. The trial court's order, however, did not clarify whether the 972 days began to run at the time Hines was incarcerated or at the time of sentencing. If the order was to begin to run at the time of incarceration, the 972 days would be completed on January 22, 2021. If the order was to begin to run at the time of sentencing, the 972 days would be completed on March 31, 2021. Furthermore, despite the trial court's oral order indicating that the no-contact order was in effect for 972 days, its written order indicated that the no-contact order was in effect until March 5, 2021, which was 946 days from the date of sentencing. Given the discrepancy in the trial court's oral and written orders together with the lack of clarity as to when the no-contact order went into effect, the State asserts that remand is necessary because the trial court's intended expiration date is unclear. We agree and accordingly remand the matter to the trial court with instructions for the court to clarify the intended expiration date of the no-contact order.

[10] The judgment of the trial court is affirmed in part and remanded with instructions.

Crone, J., and Tavitas, J., concur.