**Donald G. HAWN, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 86A03–9006–CR–241.**

Court of Appeals of Indiana,
Third District.

Jan. 22, 1991.

Rehearing Denied Feb. 28, 1991.

---

E. Kent Moore, Cooke, Bache, Laszynski & Moore, Lafayette, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Following a trial by jury, defendant-appellant Donald G. Hawn was found guilty of the following charges: 11 counts of dealing in cocaine, a Class A felony; 3 counts of dealing in cocaine, a Class B felony; 3 counts of conspiracy to commit dealing in cocaine, a Class A felony; 1 count of corrupt business influence, a Class C felony; and 2 counts of maintaining a common-nuisance, a Class D felony. Appellant raises eight issues for review which this Court restates as follows:

(1) whether the trial court erred in denying appellant's challenge for cause of prospective juror Katherine Cronkhite;

(2) whether the trial court erred in allowing the prosecutor to question prospective jurors as to the credibility they would give to certain witnesses;

(3) whether the trial court erred in allowing the hearsay testimony of State's witness Roger Howard;

(4) whether the trial court erred in permitting testimony about uncharged transactions;

(5) whether the trial court erred in limiting appellant's cross-examination of State's witness Joe Reynolds;

(6) whether the trial court erred in denying appellant's motion for mistrial and motion to strike the testimony of four State's witnesses who violated the separation of witnesses order;

(7) whether the trial court erred in giving State's Instruction No. 3 on accomplice liability and State's Instruction No. 10 on opinion testimony; and

(8) whether a statement the prosecutor made during rebuttal argument constituted prosecutorial misconduct.

The facts relevant to this appeal disclose that on at least six occasions from December of 1987 to May of 1988, appellant sold over three grams of cocaine to Tim Ransom in Warren County, Indiana. On at least three occasions from February of 1988 to April of 1988, appellant sold over three grams of cocaine to Todd Wagner in Warren County. In January of 1988, appellant, Sharon (Hawn) Martin, and Kim Quigley collected money from various individuals and drove to Florida where they purchased over three grams of cocaine for distribution to those individuals. Appellant again drove to Florida in June of 1988 to purchase cocaine which he delivered to Quigley, Les Crabtree, and Tammy Crabtree. In April and July of 1988, appellant and Park Campbell drove to Florida and purchased over three grams of cocaine for distribution in Warren County.

Ransom, Wagner, Martin, Quigley, the Crabtrees, and Park Campbell testified as witnesses for the State pursuant to plea agreements. Numerous other State's witnesses testified that they had either used or purchased cocaine at one of appellant's two residences in Williamsport. Appellant did not testify and presented no evidence at trial.

■ Appellant first claims the trial court erred in denying his challenge for cause of prospective juror Katherine Cronkhite. Specifically, he maintains Cronkhite was biased because she had indicated that she was very much against drugs. However, appellant exercised one of his peremptory challenges to exclude Cronkhite from the jury. As our Supreme Court noted in *Johnson v. State* (1985), Ind., 472 N.E.2d 892, 907: "It is well settled that the overruling of a challenge for cause, if error at all, is harmless error if a defendant fails to exhaust his peremptory challenges." Because appellant failed to exhaust his peremptory challenges and, in fact, used one to exclude Cronkhite from the jury, any error in the denial of his challenge for cause was harmless.

■ Next, appellant argues that the trial court erred in allowing the prosecutor to ask the following question during *voir dire* examination:

"In this case, ladies and gentlemen, which is typical of cases involving drugs,

usually there's not, there's a lot of, uh, uh, certain types or kinds of witnesses in drug cases. And, and primarily what've got in drug cases are law enforcement officers and people who are involved or engaged in drug trafficking [sic] and in this particular case there are going to be numerous witnesses who testify who have previously been convicted of cocaine related charges. They're going to be witnesses for the State of Indiana. Let me ask any of you at this point if you would be willing or are you willing to listen to their testimony and receive it the same as you would a police officer or any other witness."

In support of his argument, appellant cites *Underwood v. State* (1989), Ind., 535 N.E.2d 507, a case in which our Supreme Court held that it was improper to question prospective jurors about the credibility they would give to a witness who had received a plea bargain in exchange for his testimony because such questioning would allow a party to predetermine the weight and credibility jurors would give to a witness. *Id.* at 513. The instant question clearly goes to weight and credibility; therefore, it was improper under *Underwood.* However, any error was harmless due to the overwhelming evidence of appellant's guilt.

■ Appellant also contends the trial court erred in allowing the hearsay testimony of State's witness Roger Howard regarding Tim Ransom and Todd Wagner's statements to him that appellant was their source of the cocaine. In *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482, our Supreme Court held that the out-of-court declarations of a witness are admissible as substantive evidence if the witness also testifies and is available for cross-examination. *Id.* 324 N.E.2d at 484–485. Both Ransom and Wagner testified that they had purchased cocaine from appellant on numerous occasions, and they were cross-examined on their testimony. Although neither witness testified as to making the statement to Howard, their testimony was consistent with such a statement; therefore, Howard's testimony was admissible as substantive evidence. *Hendricks*

*v. State* (1990), Ind.App., 554 N.E.2d 1140, 1144. Moreover, Howard himself testified that appellant was the source of the cocaine, and it is well settled that the admission of hearsay evidence is not reversible error where it is merely cumulative of evidence previously admitted. *Thomas v. State* (1990), Ind., 553 N.E.2d 825, 827.

■ Appellant further alleges the trial court erred in permitting testimony about uncharged transactions. Although evidence of criminal activity other than that charged is generally inadmissible regarding the question of guilt, it may be admitted to show intent, motive, purpose, identity, or a common scheme or plan. *Bartruff v. State* (1988), Ind.App., 528 N.E.2d 110, 116. The trial court has wide discretion in ruling on the relevance of such evidence. *Id.* at 117.

As appellant notes, the admission of a defendant's prior drug dealings is proper to show a common scheme or plan to engage in drug peddling. *Id.* Here, the uncharged transactions were within a year of the charged transactions, and the circumstances tended to prove a common scheme or plan of drug dealing. Accordingly, the trial court did not abuse its discretion in admitting the testimony.

■ Appellant next maintains the trial court erred in limiting his cross-examination of State's witness Joe Reynolds concerning Reynolds' plea agreement with the State. It is well settled that a trial court has discretion to determine the scope and extent of cross-examination. *Fassoth v. State* (1988), Ind., 525 N.E.2d 318, 322. Only a clear abuse of that discretion warrants a reversal. *Id.*

During cross-examination, Reynolds testified that he had delivered cocaine to a number of people and was testifying pursuant to a plea agreement with the State. When appellant asked how much cocaine Reynolds had delivered and to whom, the State objected on the grounds that there was no evidence of delivery to appellant and that the names of the individuals should not be disclosed because they were still under investigation. After a bench

discussion, the trial court limited cross-examination to "unidentified non-named, charged parties." Considering that the court permitted appellant to question Reynolds about his plea agreement and, thus, to expose possible biases or ulterior motives, the court did not abuse its discretion in limiting the scope of cross-examination.

■ Appellant claims the trial court erred in denying his motion for mistrial and motion to strike the testimony of four State's witnesses who violated the separation of witnesses order. Where there has been a violation of a separation order, a trial court, in the absence of connivance or collusion by the party calling the witness, may permit the witness to testify. *Heck v. State* (1990), Ind., 552 N.E.2d 446, 453. This Court will not reverse the trial court's decision absent an abuse of discretion. *Id.*

There was no evidence in the instant case that the prosecutor connived to have the witnesses violate the separation order. Moreover, there was no evidence that the witnesses altered or fabricated their testimony in any way. The trial court did not err in denying the motion for mistrial or motion to strike.

■ Appellant further argues that the trial court erred in giving State's Instruction No. 3 on accomplice liability and State's Instruction No. 10 on opinion testimony. State's Instruction No. 3 reads as follows:

"A person is responsible for the actions of another person when either before or during the commission of a crime he knowingly aids, induces or causes the other person to commit a crime. To aid is to knowingly support, help or assist in the commission of a crime. In order to be held responsible for the actions of another, he need only have knowledge that he is helping in the commission of a crime. He does not have to personally participate in the crime nor does he have to be present when the crime is committed. Proof of the defendant's failure to oppose the commission of a crime, companionship with the person committing the offense and conduct before and after

the offense may be considered in determining whether aiding may be inferred." Specifically, appellant argues that the following sentence was erroneous: "He does not have to personally participate in the crime nor does he have to be present when the crime is committed." Our courts have repeatedly held that an accessory's presence at the scene of the crime is not necessary and that the evidence need not show that the accessory personally participated in the commission of each element of the crime. *Johnson v. State* (1981), Ind.App., 423 N.E.2d 623, 627. Although the State's instruction does not qualify the participation language, any error was harmless due to the strong evidence of appellant's guilt. *Hurt v. State* (1990), Ind.App., 553 N.E.2d 1243, 1249.

■ State's Instruction No. 10 states as follows:

"You are further instructed that the State need not prove the identity of an alleged substance by expert testimony based upon chemical analysis. However opinion testimony concerning the identity of an alleged substance must consist of opinion testimony of someone sufficiently experienced with the drug to enable that person to indicate the identity of the substance. A witness who by reason of his past drug use is experienced with a particularly [sic] substance may be properly qualified to render an opinion on the identity of a substance which he consumed."

Appellant claims the fatal flaw in this instruction is that it does not state that the witness must prove identification of the drug beyond a reasonable doubt. However, the trial court gave instructions on the State's burden of proof and the definition of reasonable doubt. When considered in their entirety, the instructions correctly informed the jury of the law. Consequently, there is no reversible error. *Schweitzer v. State* (1990), Ind., 552 N.E.2d 454, 457.

■ Lastly, appellant contends a statement the prosecutor made during rebuttal argument constituted prosecutorial misconduct. Specifically, appellant contends the statement concerned a matter not in evi-

dence and implied superior knowledge on the part of the prosecutor. The challenged statement was as follows:

"Ladies and gentlemen, I too, will be as brief as I can but I feel compelled to respond to a few things that Mr. Moore is saying. And one of those is about the plea agreements. Let me tell you who made those plea agreements. I made those plea agreements, and I made those decisions and I made those decisions based upon what I felt my job was, and I felt that my job was to attempt to find out the source of the cocaine that was being brought into Warren ..."

In cases of alleged prosecutorial misconduct in final argument to the jury, the reviewing court must first determine whether there was misconduct by the prosecutor, and then determine whether that misconduct under all the circumstances placed the defendant in a position of grave peril. *Lopez v. State* (1988), Ind., 527 N.E.2d 1119, 1125. Here, the prosecutor's statement was merely a response to defense counsel's closing argument. As the *Lopez* court held, "Argument otherwise objectionable may be justified if provoked or invited by the opposing counsel. A prosecutor is entitled to respond to allegations and inferences raised by the defense even if the prosecutor's response would be otherwise objectionable." The prosecutor's statement did not constitute misconduct.

Affirmed.

BAKER, J., concurs.

GARRARD, J., concurs in result.