ATTORNEYS FOR APPELLANT
Susan K. Carpenter
Public Defender of Indiana

Cassandra J. Wright
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana



FILED
Jul 01 2008, 10:21 am

CLERK
of the supreme court,
court of appeals and
tax court

In the

Indiana Supreme Court

No. 49S05-0803-PC-144

ANTHONY A. HOPKINS,

*Appellant (Defendant Below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff Below).*

Appeal from the Marion Superior Court, No. 49G02-9903-PC-43913
The Honorable Robert R. Altice, Jr., Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 49A05-0705-PC-279

**July 1, 2008**

**Shepard, Chief Justice.**

Almost a decade ago, appellant Anthony Hopkins stood trial by jury, and the jury found him guilty of two counts of attempted murder and other offenses. Before proceeding with an habitual offender allegation, he and his lawyer announced they wished to waive jury and acknowledge the habitual. He has now claimed that this was an unknowing and unintelligent "guilty plea." The post-conviction court denied relief, and we affirm.

In March 1999, Hopkins and his brother found themselves stranded by a malfunction of their automobile. George Martinez and Paula McCarty happened along and gave assistance. Hopkins had done drug deals with Martinez. The Hopkins brothers later arrived at Martinez's

home, where Anthony Hopkins forced the occupants into the basement at gunpoint, demanded that they strip, and searched the home for drugs and money. Hopkins shot McCarty and his brother shot Martinez and left them for dead.

The trial court imposed sentences for attempted murder, robbery, and criminal confinement, and added twenty years for the habitual offender finding. We reversed the attempted murder, due to an improper instruction, but otherwise affirmed. Hopkins v. State, 759 N.E.2d 633 (Ind. 2001). A retrial produced another guilty verdict, and the Court of Appeals affirmed. Hopkins v. State, No. 49A02-0209-CR-780 (Ind. Ct. App. Sept. 30, 2003).

Hopkins filed a petition for post-conviction relief. The trial court granted in part, finding that appellate counsel had been ineffective, and ordered sentencing relief on the attempted murders. It denied relief on Hopkins' claim that he "pled guilty" to the habitual charge without being advised of his rights. A divided Court of Appeals reversed this denial. Hopkins v. State, No. 49A05-0705-PC-279, slip op. (Ind. Ct. App. Dec. 31, 2007). We granted transfer.

After the jury returned its verdict on the principal charges back in 2000, Hopkins and his lawyers indicated a desire to waive trial by jury on the habitual allegation. There followed a discussion between the trial court, counsel, and the defendant.

> MR. GELLER: Yes, Judge, (inaudible) . . . . Judge, my client will *admit to the elements involved in the habitual offender.*
>
> \* \* \* \* \*
>
> THE COURT: Mr. Hopkins, you're aware that you have the continuing right to have this phase of the trial determined by the Jury which has previously been sworn in this cause – is that correct?
>
> DEFENDANT ANTHONY HOPKINS: Yes.
>
> THE COURT: And it's your choice to waive that jury trial and to *proceed by stipulation and admit your guilt on the – or admit that the State has proven the habitual offender sentence enhancement* – is that correct, sir?
>
> DEFENDANT ANTHONY HOPKINS: Is it – can I ask you a question on this?
>
> THE COURT: Um hum . . . .
>
> DEFENDANT ANTHONY HOPKINS: As far as me *pleading guilty* on that. If I appeal my case and over turn it – does that still stand – if I *plead guilty* for the habitual?
>
> \* \* \* \* \*

2

THE COURT: Okay – it is correct that if you appeal and the Court of Appeals over turns the conviction upon which the Court attaches the sentencing enhancement, then that's out – because it's not a new crime. It's enhancement of that sentence. It is also possible that the Court of Appeals could reverse and remand for retrial – if the reversal wasn't for insufficiency of the evidence. So, it could get reversed. It could come back and we could retry that count in theory and then the sentencing enhancement could again attach. Do you understand that?

DEFENDANT ANTHONY HOPKINS: Yes, ma'am.

* * * * *

THE COURT: Okay – I believe I asked you, but let me repeat or – just to cover my bases, that you have the right to – continuing right to counsel throughout the habitual phase of this trial. Do you understand that?

DEFENDANT ANTHONY HOPKINS: Yes, ma'am.

THE COURT: Okay. Do you want to *proceed with the stipulation of the habitual sentencing enhancement* at this time?

DEFENDANT ANTHONY HOPKINS: Yes, ma'am.

[The State then set forth the dates of the commission, conviction, and sentencing of the three felony offenses used to establish Hopkins' habitual offender status, and the exhibits were admitted into evidence without objection from Hopkins.]

THE COURT: Okay, Mr. Hopkins, is that true as stated by the Prosecutor?

DEFENDANT ANTHONY HOPKINS: Yes, ma'am.

* * * * *

THE COURT: Okay, the Court *finds that the State has proven that Anthony Hopkins accumulated three – two or more – in this case, three, prior unrelated felony convictions.* The commission, conviction and sentencing on the first occurring before the commission, conviction and sentencing [on the second]; the second which occurred before the commission, conviction and sentencing on the third – all of which occurred before the commission and conviction of Mr. Hopkins in the present case. And we will show that the sentence enhancement has been – *habitual sentence enhancement has been proven.*

(Tr. at 737-47 (emphasis added).) The trial court then brought the jurors back into the courtroom and informed them what had just transpired: "Okay – the good news is that [phase two] of this trial, the Defendant[] and the State *resolved by stipulation or admission."* (Id. at 748 (emphasis added).) The Court then dismissed the jury and eventually imposed additional years for the habitual.

Contending that this proceeding constituted a "plea of guilty," Hopkins asserts that it was not voluntary and intelligent. He relies on Boykin v. Alabama, 395 U.S. 238 (1969), for the

3

proposition that a plea is invalid under the Fourteenth Amendment unless the defendant knew or was told that he was giving up the right against self-incrimination, the right to trial by jury, and the right to confront his accusers. As we said in White v. State, 497 N.E.2d 893, 905 (Ind. 1986), failure to establish either knowledge or advisement requires setting aside the plea. Whether this requirement attaches to habitual admissions as it did to Boykin's death-eligible crimes (or for that matter whether it applies to a defendant who pleads guilty in the midst of a jury trial, where the Boykin rights are on display for all to see) are not questions either party has joined in this appeal.

Rather, the parties contest whether what occurred here was a guilty plea or a stipulation of facts. The post-conviction court found that it was the latter. It cited our declaration, in what we deem to be a similar case, that

> [a] stipulation that seeks to establish certain facts does not constitute a guilty plea. . . . The stipulation at issue only acknowledged that Garrett had been convicted of the prior offenses and sentenced on certain dates. Thus, it established only the fact that the prior offenses existed and did not amount to a guilty plea.

Garrett v. State, 737 N.E.2d 388, 392 (Ind. 2000).

The burden of one whose petition for post-conviction relief has been denied is a substantial one. This Court will affirm the denial unless "the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion." McCary v. State, 761 N.E.2d 389, 392 (Ind. 2002). Hopkins has not overcome this burden. The post-conviction court's determination that what occurred was a stipulation rather than a plea should stand.

We affirm the judgment.

Dickson, Sullivan, Boehm, and Rucker, JJ., concur.

4