**Emmanuel STRINGER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0806–CR–536.

Court of Appeals of Indiana.

Jan. 27, 2009.

Bernice A.N. Corley, Appellate Panel Attorney, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellant.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Emmanuel Stringer (Stringer), appeals his conviction for Count I, Part I, auto theft, a Class D felony, Ind.Code § 35–43–4–2.5, and Part II, auto theft, a Class C felony, I.C. § 35–43–4–2.5; and Count II, operating never having received a license, a Class C misdemeanor, I.C. § 9–24–18–1.

We affirm.

### ISSUE

Stringer raises one issue on appeal, which we restate as follows: Whether the trial court erred when it accepted Stringer's counsel's stipulation to a prior conviction which established the basis for the enhanced offense of auto theft without first determining that Stringer's stipulation was made voluntary and intelligently.

### FACTS AND PROCEDURAL HISTORY

On February 11, 2008, the State filed an Information, charging Stringer with Count I, Part I, auto theft, a Class D felony, and Part II, auto theft, a Class C felony, based on a previous conviction for auto theft. Additionally, the State charged him with Count II, operating never having received a license, a Class C misdemeanor. On May 8, 2008, a bench trial was held. At

the close of the evidence, the trial court found Stringer guilty of Count I, Part I, auto theft, and Count II, operating never having received a license.

With regard to the underlying conviction of Count I, Part II, the following discussion took place:

> [State]: Yes, [d]efense counsel has stipulated.
>
> [Defense Counsel]: Yes, we did discuss that.
>
> . . .
>
> [State]: Judge, at this time we're moving to admit the certified—copy of the certified prior [a]uto [t]heft and [r]eceiving [s]tolen [p]arts as a Class C felony . . . of [Stringer]. It's a public record. That's a public record.
>
> [Trial Court]: Okay. And you have no objection?
>
> [Defense Counsel]: No, Judge, I don't— I've discussed it with [Stringer]. I don't have a basis for objection to that testimony.
>
> [Trial Court]: Okay. And so you're stipulating that that prior conviction is his prior conviction that it involved the same defendant; is that correct?
>
> [Defense Counsel]: Yes, it does. That's correct.
>
> [Trial Court]: Okay. And given the stipulation and the proof of the prior conviction with regard to Count [I], auto theft as a C felony, I do find the defendant guilty. So do you want me to order a [pre-sentence investigation report] and set this for sentencing?

(Transcript pp. 42–3).

On May 15, 2008, the trial court conducted a sentencing hearing. At the close of the hearing, the trial court sentenced Stringer to six years executed on Count I, auto theft as a Class C felony and sixty days on Count II, operating a vehicle never having received a license, with sentences to run concurrently.

Stringer now appeals.[1] Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

■ Stringer contends that the trial court erred by accepting his defense counsel's stipulation, admitting to the prior conviction, used to elevate his auto theft charge to a Class C felony without properly advising him of the rights he was waiving by pleading guilty to the prior conviction.

We encountered a similar issue in *Vanzandt v. State*, 730 N.E.2d 721, 725 (Ind. Ct.App.2000), a case in which the defendant, after having been found guilty by a jury, admitted to certain prior convictions which were used to elevate his conviction to a Class C felony and to establish that he was an habitual offender. Specifically, the trial court asked, "Are you wishing to [admit to] both the C felony handgun enhancement as well as to be being a habitual offender?" *Id.* After Vanzandt applied in the affirmative, he then admitted to each of the underlying felony convictions. *Id.* Upon appeal, the court noted that Vanzandt had effectively entered a plea of guilty with regard to the enhancement. *Id.* at 726.

The *Vanzandt* court factually distinguished an earlier case, *Gann v. State*, 570 N.E.2d 976 (Ind.Ct.App.1991), *trans. denied.* In *Gann*, the defendant claimed that his stipulation to prior convictions during the enhancement phase was the functional equivalent of a guilty plea, requiring all the attendant advisements. *Id.* at 979. The *Gann* court held otherwise, stating that "trial counsel did not stipulate

---

1. We note that the State did not submit an   Appellee's Brief.

that Gann was an habitual offender, but rather stipulated as to the evidence underlying the status." *Id.* In *Gann,* trial counsel presented a closing argument prior to submitting the evidence to the jury, after which the jury deliberated for approximately an hour before returning a verdict on the habitual offender count. *Id.* Noting that the jury was dismissed at the time Vanzandt admitted to the enhancement, the *Vanzandt* court concluded that he was, in fact, entering a plea of guilty to the enhancement and the habitual offender status. *Vanzandt,* 730 N.E.2d at 726.

Here, we find that Stringer effectively pleaded guilty to the enhancement of the auto theft to a Class C felony after his defense counsel stipulated to the prior conviction. As in *Vanzandt,* no further deliberation, or even argument by counsel, was made; rather, the trial court immediately pronounced Stringer guilty of the enhanced charge without any further inquiry as to whether Stringer understood the consequences of the stipulation.

Trial courts are obliged to inform a defendant who is pleading guilty that he is waiving his right to a public and speedy trial, to confront and cross-examine witnesses, to have witnesses testify in the defendant's favor and to require the State to prove guilt beyond a reasonable doubt. I.C. § 35-35-1-2; *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). "Strict compliance with our statute is demanded of our trial courts in order to determine that any waiver of fundamental constitutional rights is knowingly and intelligently given." *Tumulty v. State,* 666 N.E.2d 394, 396 (Ind.1996).

However, as we noted in *Vanzandt,* one consequence of pleading guilty is restriction of the ability to challenge the conviction on direct appeal. *Id.* (quoting *Tumulty,* 666 N.E.2d at 395). Stringer's challenge to the knowing and voluntary nature of his plea due to the inadequacies of the trial court's advisements to him cannot be undertaken on direct appeal. Instead, the supreme court has created an avenue for claims addressing the validity of guilty pleas by adopting Indiana Post–Conviction Rule 1 which provides that "post-conviction relief is exactly the vehicle for pursuing claims for validity of guilty pleas." *Tumulty,* 666 N.E.2d at 396. Therefore, Stringer can seek a review of his guilty plea only by filing a petition for post-conviction relief.

## CONCLUSION

Based on the foregoing, we conclude that a direct appeal is not the appropriate avenue for Stringer to challenge the validity of his plea of guilty to the enhancement charges against him. Accordingly, his convictions are affirmed.

Affirmed.

DARDEN, J., concurs.

VAIDIK, J., Dissents With Separate Opinion.

VAIDIK, Judge, dissenting.

I respectfully dissent from the majority's conclusion that Stringer pled guilty to the enhancement of his auto theft conviction from a Class D felony to a Class C felony based on his previous conviction for auto theft. Rather, I believe that Stringer stipulated to the admission of the certified copy of his prior conviction for auto theft and that, based on this evidence, the trial court found him guilty of the enhancement. As such, Stringer has properly brought this direct appeal, and I would affirm the trial court.

As for phase two of Stringer's trial, the following discussion took place:

THE COURT: Okay. Do the parties want to—I don't know if there's a stipulation, or do the parties want to—

\* \* \* \* \* \*

[STATE]: Yes, Defense counsel has *stipulated.*

[DEFENSE COUNSEL]: Yes, we did discuss that.

THE COURT: Okay. You still need to move—

[DEFENSE COUNSEL]: Move to incorporate prior evidence and testimony.

THE COURT: Okay.

[DEFENSE COUNSEL]: Judge, at this time we're moving to admit the certified—copy of the certified prior Auto Theft and Receiving Stolen Parts as a Class C felony out of Court 5, the cause number being 49–G05–0205–FC–148532 of Emmanuel Stringer. It's a public record. That's a public record.

THE COURT: Okay. And you have no objection?

[DEFENSE COUNSEL]: No, Judge, I don't—I've discussed it with Mr. Stringer. I don't have a basis for *objection to that testimony.*

THE COURT: Okay. And so you're stipulating that that prior conviction is his prior conviction that it involves the same defendant; is that correct?

[DEFENSE COUNSEL]: Yes, it does. That's correct.

THE COURT: Okay. And given the *stipulation* and the *proof of the prior conviction with regard to Count III [the enhancement], Auto Theft as a C felony, I do find the defendant guilty.*

Tr. p. 41–43 (emphases added). The court then set the matter for sentencing.

It is apparent that Stringer did not plead guilty to the enhancement but rather stipulated to the admission of the certified copy of his prior auto theft conviction. Based on Stringer's stipulation and the certified copy, the trial court *found* Stringer guilty of the enhancement. *See Hopkins v. State,* 889 N.E.2d 314 (Ind.2008) (discussing whether defendant stipulated or pled guilty to being habitual offender). Because Stringer did not plead guilty, he properly brings this direct appeal. I would therefore affirm the trial court.