**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**GILDA W. CAVINESS**
Caviness Law Office, LLC
Rushville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JAMES L. GRAHAM, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 73A01-1304-CR-151 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE SHELBY SUPERIOR COURT
The Honorable Norman D. Curry, Senior Judge
Cause No. 73D02-1011-FD-85

**November 25, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Following his guilty plea, James L. Graham ("Graham") received a three-year aggregate sentence for Operating a Vehicle While Intoxicated, as a Class D felony,[1] Operating with Suspended License, a Class A misdemeanor,[2] and False Informing, a Class B misdemeanor.[3] At a subsequent sentencing hearing, an additional five-year sentence was imposed, purportedly due to Graham's status as a habitual substance offender.

Graham attempts to challenge both his convictions and sentence, articulating eight issues for review. We address only the issue available upon direct appeal following a guilty plea, that is, whether Graham was properly sentenced.[4] We vacate the purported habitual substance offender enhancement and affirm the aggregate three-year sentence for the offenses to which Graham pled guilty.

---

[1] Ind. Code § 9-30-5-3.

[2] I.C. § 9-24-19-2.

[3] I.C. § 35-44-2-2 [now repealed].

[4] Graham asserts that his plea was involuntary, and that the trial court did not properly secure the waiver of his rights to counsel and a jury trial (allegedly attributable, in part, to prosecutorial misconduct). However, issues regarding the voluntariness of Graham's plea and his waiver of constitutional rights are not properly before this court on direct appeal for resolution on the merits. A person who pleads guilty is not permitted to challenge the propriety of that conviction on direct appeal. Collins v. State, 817 N.E.2d 230, 231 (Ind. 2004). "[T]he supreme court has created an avenue for claims addressing the validity of guilty pleas by adopting Indiana Post-Conviction Rule 1[.]" Stringer v. State, 899 N.E.2d 748, 750 (Ind. Ct. App. 2009). The type and extent of evidentiary hearings afforded at a post-conviction proceeding is specifically designed to allow an appellant the opportunity to establish factual assertions concerning a guilty plea and thus post-conviction relief "is exactly the vehicle" for pursuing these types of claims. Tumulty v. State, 666 N.E.2d 394, 396 (Ind. 1996). "By contrast to the prohibition on appealing the trial court's acceptance of a plea, a defendant is entitled to contest the merits of a trial court's sentencing discretion where the court has exercised sentencing discretion[.]" Id. Here, the trial court exercised sentencing discretion and we therefore address Graham's claims of sentencing impropriety.

## Facts and Procedural History

On October 31, 2010, Shelby County Sheriff's Department Deputy Joseph Mohr ("Deputy Mohr") observed Graham driving 72 miles per hour in a 55 mile per hour speed zone and initiated a traffic stop. During the traffic stop, Deputy Mohr detected an odor of alcohol and observed that Graham's eyes appeared bloodshot. Deputy Mohr conducted three field sobriety tests, two of which Graham failed. Graham submitted to a chemical test, revealing that he had an alcohol concentration equivalent to .08 grams of alcohol per 210 liters of breath. Graham, whose driver's license was suspended, provided the name and date of birth for another individual.

On November 1, 2010, the State charged Graham with Obstruction of Justice, Operating a Vehicle While Intoxicated, with a prior conviction, Operating with Suspended License, Operation of a Vehicle with .08 or more Alcohol in the Body, and False Informing. More than two years later, on February 21, 2013, the State alleged Graham to be a habitual substance offender.

On March 14, 2013, Graham appeared in court pro-se.[5] Upon the State's request, the trial court dismissed the charge of Obstruction of Justice; Graham pled guilty to each of the remaining counts. The trial court entered judgments of conviction only for Operating a Vehicle While Intoxicated, Driving While Suspended, and False Informing. The trial court then imposed sentences of three years, one year, and 180 days respectively, to be served concurrently.

---

[5] He had previously requested discharge of his public defender, expressing an intention to hire private counsel.

3

On March 25, 2013, the parties returned to court, where the Prosecutor incorrectly advised the trial court that Graham had – at the guilty plea hearing – admitted to being a habitual substance offender. The trial court purportedly "enter[ed] [a] Judgment of Conviction for the crime of … Habitual Substance Offender" and ordered Graham committed to the Indiana Department of Correction for an additional five years. (App. 87.) This appeal ensued.

**Discussion and Decision**

Graham contends that the trial court (1) imposed a five-year habitual substance offender enhancement although Graham had not been adjudicated a habitual substance offender; (2) abused its sentencing discretion by failing to enter a sentencing statement articulating any aggravating and mitigating circumstances found; (3) failed to recognize valid mitigating circumstances; and (4) imposed an inappropriate sentence. We address each of these contentions in turn.

Habitual Substance Offender Enhancement. Graham contends, and the State agrees, that Graham was not adjudicated a habitual substance offender. The record of the March 14, 2013 plea agreement hearing reveals no admission by Graham regarding his alleged status as a habitual substance offender and the State did not submit any evidence in this regard. Yet, at the March 25, 2013 hearing, the prosecutor incorrectly advised the trial court that Graham had admitted his status as alleged by the State. Despite Graham's protests and request for appointment of an attorney, the trial court responded: "I'm just gonna sentence you to an additional five years and you can appeal the whole, everything you want to appeal." (Tr. 62.)

4

Because it is wholly unsupported by evidence or admission, the five-year enhancement, unattached to any conviction and purportedly entered as a "judgment of conviction," must be vacated. (App. 87.)

Omission of Sentencing Statement. A person who commits a Class D felony has a sentencing range of between six months and three years with the advisory sentence being one and one-half years. See I.C. § 35-50-2-7. After hearing argument from the prosecutor, the trial court summarily imposed the maximum sentence upon Graham. At the close of the sentencing hearing, when prompted by the court reporter regarding fines and costs, the trial court added: "I find no, I find no mitigating circumstances, but a lot of aggravating." (Tr. 53.)

"So long as the sentence is within the statutory range, it is subject to review only for abuse of discretion." Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on other grounds, 875 N.E.2d 218 (Ind. 2007) (Anglemyer II). When imposing a sentence for a felony, the trial court must enter "a sentencing statement that includes a reasonably detailed recitation of its reasons for imposing a particular sentence." Id. at 491. The trial court's reasons must be supported by the record and must not be improper as a matter of law. Id. However, a trial court's sentencing order may no longer be challenged as reflecting an improper weighing of sentencing factors. Id.

The trial court sentenced Graham for a Class D felony but failed to enter "a sentencing statement that includes a reasonably detailed recitation of its reasons." See id. This constitutes an abuse of discretion. However, the reasons advanced by the State for the

5

imposition of the three-year sentence, that is, Graham's criminal history, violation of probation, and pending charges, were not disputed by Graham and are clearly supported by the record. As such, we are able to conduct an independent review pursuant to Indiana Appellate Rule 7(B), which will be addressed infra.

Mitigating Circumstances. Graham argues that the trial court abused its discretion by failing to find two mitigating circumstances: Graham's decision to enter into a guilty plea, and that his incarceration would result in undue financial hardship to his children.

An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is not only supported by the record but also that the mitigating evidence is significant. Anglemyer II, 875 N.E.2d at 220-21.

A trial court should be "inherently aware of the fact that a guilty plea is a mitigating circumstance." Francis v. State, 817 N.E.2d 235, 237 n.2 (Ind. 2004). However, a guilty plea is not always a significant mitigating circumstance. Id. A guilty plea does not rise to the level of significant mitigation where the evidence against the defendant is such that the decision to plead guilty is "purely pragmatic." Abrajan v. State, 917 N.E.2d 709, 713 (Ind. Ct. App. 2009). Here, Graham had failed two field sobriety tests and a chemical test indicated that he was intoxicated. Thus, the decision to plead guilty was a pragmatic one.

With regard to hardship to Graham's children, "[m]any persons convicted of serious crimes have one or more children and, absent special circumstances, trial courts are not required to find that imprisonment will result in an undue hardship." Dowdell v. State, 720 N.E.2d 1146, 1154 (Ind. 1999). Here, Graham did not advance any evidence of special

6

circumstances. In sum, the trial court did not ignore significant mitigating evidence and thereby abuse its discretion.

Appropriateness of Sentence. The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

Under this rule, and as interpreted by case law, appellate courts may revise sentences after due consideration of the trial court's decision, if the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. Cardwell v. State, 895 N.E.2d 1219, 1222-25 (Ind. 2008); Serino v. State, 798 N.E.2d 852, 856-57 (Ind. 2003). The principal role of such review is to attempt to leaven the outliers. Cardwell, 895 N.E.2d at 1225.

Graham has a lengthy history of misdemeanor and felony offenses, including theft, driving while suspended, resisting law enforcement, operating a vehicle while intoxicated, and possession of marijuana. He has previously violated probation. After his release on bond for the present offenses, Graham was arrested and charged with drug possession, domestic battery, and criminal confinement.

Having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B), and the sentence does not warrant

appellate revision. Accordingly, we decline to disturb the three-year sentence imposed by the trial court.

## Conclusion

The purported habitual substance offender enhancement is vacated. The trial court abused its discretion by failing to enter the requisite sentencing statement for a felony sentence; however, the uncontroverted evidence of record permits our independent review of the sentence, which we conclude is not inappropriate.

Vacated in part and affirmed in part.

FRIEDLANDER, J., and KIRSCH, J., concur.