## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 25 2017, 8:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jacquez I. Lewis, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | May 25, 2017 <br><br> Court of Appeals Case No. <br> 79A04-1610-CR-2529 <br><br> Appeal from the Tippecanoe Superior Court <br><br> The Honorable Steven P. Meyer, Judge <br><br> Trial Court Cause No. <br> 79D02-1505-F5-29 |

**Crone, Judge.**

# Case Summary

Jacquez I. Lewis pled guilty by plea agreement to level 5 felony dealing in a narcotic drug, level 6 felony cocaine possession, and class A misdemeanor false informing. On appeal, he contends that his guilty plea was involuntarily entered and that the trial court abused its discretion in denying his request to withdraw it. Finding that he is precluded from challenging the voluntariness of his guilty plea on direct appeal and that the trial court acted within its discretion in denying his request to withdraw his guilty plea, we affirm.

# Facts and Procedural History

The State charged Lewis with three counts of level 5 felony dealing in narcotics and three counts of level 6 felony narcotics possession, stemming from three separate instances in which he sold narcotics to an undercover police detective. To facilitate a plea agreement involving these charges and charges from two other pending cases involving Lewis, the State added one count of level 6 felony cocaine possession and one count of class A misdemeanor false informing. Pursuant to the plea agreement, Lewis pled guilty to one count of level 5 felony dealing in narcotics, level 6 felony cocaine possession, and class A misdemeanor false informing. The State dismissed the remaining charges.

At his guilty plea hearing, Lewis withdrew his previous plea of not guilty and entered a guilty plea. The trial court questioned him to ensure that he understood the legal effects of signing the plea agreement, which included giving up his rights to a jury trial, to call and cross-examine witnesses, to the

presumption of innocence, and to appeal his convictions.  Lewis acknowledged that his plea was freely and voluntarily made and that he was satisfied with his court-appointed counsel.  The court examined him to establish a factual basis for each of the offenses, and Lewis admitted to the material elements and allegations of each.  The trial court accepted the guilty plea and set the case for sentencing.

[4]  Two months later, Lewis sent the trial court pro se letters complaining about his court-appointed counsel and stating his desire to spend more time with his family.[1]  The trial court treated Lewis's letters as requests to withdraw his guilty plea.  At sentencing, the trial court determined that Lewis had not followed the proper procedure for submitting a request to withdraw a guilty plea.  Notwithstanding, the court examined Lewis and found that he had not met his burden of establishing a sufficient basis to withdraw his guilty plea.  The court entered judgment of conviction pursuant to Lewis's plea agreement and sentenced him to an aggregate eight-year term.

[5]  Lewis now appeals.  Additional facts will be provided as necessary.

_____

[1] Lewis's handwritten letter requesting guilty plea withdrawal is included in his appendix, along with several other handwritten letters.  However, the quality of the copy makes the letter difficult to read.  Appellant's App. Vol. 2 at 44.

## Discussion and Decision

## Section 1 – Lewis is precluded from challenging the voluntariness of his guilty plea on direct appeal.

[6] Lewis asserts that his guilty plea was not voluntarily entered. A challenge to the knowing and voluntary nature of a guilty plea cannot be undertaken on direct appeal. *Stringer v. State*, 899 N.E.2d 748, 750 (Ind. Ct. App. 2009); *see also Tumulty v. State*, 666 N.E.2d 394, 396 (Ind. 1996) (postconviction relief, not direct appeal, is "the vehicle for pursuing claims for validity of guilty pleas"). Therefore, we may not consider Lewis's claim.

## Section 2 – The trial court acted within its discretion in denying Lewis's unverified request to withdraw his guilty plea.

[7] Lewis also maintains that the trial court abused its discretion in denying his request to withdraw his guilty plea. Indiana Code Section 35-35-1-4 addresses motions to withdraw guilty pleas, stating in pertinent part,

> (b) After entry of a plea of guilty … but before imposition of sentence, the court may allow the defendant by motion to withdraw his pleas of guilty … for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea. The motion to withdraw the plea of guilty … made under this subsection shall be in writing *and verified*. The motion shall state facts in support of the relied demanded, and the state may file counter-affidavits in opposition to the motion. The ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion. However, the court shall allow the defendant to withdraw his plea of guilty … whenever

the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice.

(Emphasis added.) A trial court's ruling on a motion to withdraw a guilty plea "arrives in this Court with a presumption in favor of the ruling," and we will reverse only where the trial court has abused its discretion. *Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001).

[8] First, and most obviously, Lewis's letter seeking plea withdrawal was unverified. As such, he has failed to comply with the statute and has waived this issue for review. *See Carter v. State*, 739 N.E.2d 126, 128 n.3 (Ind. 2000) ("A defendant's failure to submit a verified, written motion to withdraw a guilty plea generally results in waiver of the issue of wrongful denial of the request."). Even so, his pro se letter merely states as grounds for guilty plea withdrawal his desire to spend more time with his family and his counsel's lack of helpfulness. Appellant's App. Vol. 2 at 44. At the sentencing hearing, Lewis said that he wanted to spend more time with his family and wanted to hire an attorney to review his case, to which the court responded, in pertinent part,

> Mr. Lewis[,] you have been provided the opportunity for counsel through the Public Defender's office and Mr. Little is [a] capable and able attorney who has represented you in this matter. At the time of the entry of the plea you had indicated in the written plea agreement that you were satisfied with the services of your attorney and that you believed that he is properly representing you …. I've heard nothing from you … to give the court reason to believe that the plea was entered improperly or against your will. The argument that you would like to spend time with your family I understand, everyone in jail would like to … be out and

spend time with their family. However, that is not a compelling enough reason for me to allow you to withdraw you[r] plea … You were given an opportunity … not to enter your plea, but you voluntarily entered the plea and you waived all your rights. I don't see anything that you presented here today that would indicate to me that it would … be manifestly unjust to deny … your motion and I don't have any reason to believe that you have not been properly represented in this matter. Therefore, the court is going to deny your request to withdraw the plea[.]

Tr. at 28-30. We agree with the trial court's conclusion that Lewis's reasons were neither compelling nor indicative of manifest injustice.

[9] In short, Lewis waived the issue of wrongful denial of his request to withdraw his guilty plea by failing to submit a verified request and, even when afforded the opportunity to testify on the matter during sentencing, failed to present any grounds compelling the grant of his request to withdraw his guilty plea. As such, we find no abuse of discretion in the trial court's denial of his request to withdraw his guilty plea. Consequently, we affirm.

[10] Affirmed.

Baker, J., and Barnes, J., concur.