## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 17 2018, 9:16 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

William D. Polansky
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Calvin McKeller,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

September 17, 2018

Court of Appeals Case No.
18A-PC-570

Appeal from the Marion Superior Court

The Honorable Sheila A. Carlisle, Judge

The Honorable Stanley E. Kroh, Magistrate

Trial Court Cause No.
49G03-1603-PC-11167

**Bailey, Judge.**

# Case Summary

Calvin McKeller ("McKeller") appeals the denial of his petition for post-conviction relief, which challenged his conviction for Robbery, as a Class B felony,[1] and his adjudication as a habitual offender.[2] We affirm.

# Issues

McKeller presents two issues for review:

    I.      Whether he was denied the effective assistance of trial counsel; and

    II.    Whether his admission that he is a habitual offender was made voluntarily, knowingly, and intelligently.

# Facts and Procedural History

The facts underlying McKeller's conviction were set forth by a panel of this court on direct appeal:

> On July 4, 2011, McKeller called Brenai Baxter ("Baxter") and invited her to a barbeque. Baxter had previously met McKeller and his friend, Kevin Perry ("Perry"), at another barbeque about a week prior. Baxter decided to go to the barbeque and agreed to give McKeller a ride in her car. Baxter and her five-year-old son picked McKeller up. McKeller gave Baxter directions to a house,

---

[1] Ind. Code § 35-42-5-1.

[2] I.C. § 35-50-2-8.

but not an address. McKeller noticed some sandals in the car and asked Baxter if he could purchase them. Initially Baxter refused, but she eventually agreed. McKeller told Baxter to park in an alley. Baxter did not see anyone else and asked McKeller about others attending the barbeque. McKeller told her that the other attendees parked in front of the house. McKeller exited the car to get the money for the sandals. When McKeller returned, Perry was with him. Perry asked Baxter if he could look at the sandals. Baxter turned around to grab the sandals. When she turned back toward Perry, he was pointing a gun at her, and McKeller was pointing a gun at her son. Perry demanded money from Baxter. She refused, and Perry reached into Baxter's bra and took her money. Perry and McKeller ran away, and Baxter called the police.

On July 7, 2011, the State charged McKeller with robbery and unlawful possession of a firearm by a serious violent felon, both Class B felonies. McKeller was charged jointly with Perry for the robbery. The State also charged McKeller with pointing a firearm as a Class D felony and carrying a handgun without a license as a Class A misdemeanor. A jury trial was held on July 30, 2012. After the presentation of evidence, McKeller tendered an instruction for Class C felony robbery as a lesser-included offense of the Class B felony robbery. The State objected, and the trial court refused to give McKeller's tendered instruction. The trial court did instruct the jury on the theory of accomplice liability. The jury convicted McKeller of robbery, but acquitted him of the other charges.

*McKeller v. State*, No. 49A02-1209-CR-714, slip op. at 2-3 (Ind. Ct. App. June 28, 2013), *trans. denied*. McKeller appealed, raising the sole issue of whether the trial court erred in refusing to give McKeller's tendered instruction on the lesser-included offense of Class C felony robbery. His conviction was affirmed. *See id*. at 2.

[4] On February 14, 2014, McKeller filed a pro-se petition for post-conviction relief. That petition was withdrawn and, with the assistance of counsel, McKeller filed an amended petition on October 14, 2016. On December 20, 2016, the post-conviction court conducted an evidentiary hearing, at which McKeller's trial counsel testified. On March 14, 2018, the post-conviction court entered its findings of fact and conclusions of law and denied McKeller post-conviction relief. McKeller now appeals.

# Discussion and Decision

## Post-Conviction Standard of Review

[5] The petitioner in a post-conviction proceeding bears the burden of establishing the grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id.* On review, we will not reverse the judgment of the post-conviction court unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.* A post-conviction court's findings and judgment will be reversed only upon a showing of clear error, that which leaves us with a definite and firm conviction that a mistake has been made. *Id.* In this review, findings of fact are accepted unless they are clearly erroneous, and no deference is accorded to conclusions of law. *Id.* The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. *Id.*

# Effectiveness of Trial Counsel

[6] Effectiveness of counsel is a mixed question of law and fact. *Strickland v. Washington*, 466 U.S. 668, 698 (1984). We evaluate Sixth Amendment claims of ineffective assistance under the two-part test announced in *Strickland*. *Id.* To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate both deficient performance and resulting prejudice. *Dobbins v. State*, 721 N.E.2d 867, 873 (Ind. 1999) (citing *Strickland*, 466 U.S. at 687). Deficient performance is that which falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687; *see also Douglas v. State*, 663 N.E.2d 1153, 1154 (Ind. 1996). Prejudice exists when a claimant demonstrates that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also Cook v. State*, 675 N.E.2d 687, 692 (Ind. 1996). The two prongs of the *Strickland* test are separate and independent inquiries. *Strickland*, 466 U.S. at 697. Thus, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice … that course should be followed." *Id.*

[7] McKeller contends he was denied effective assistance of trial counsel because counsel failed to object to an accomplice liability instruction that included the language: "To be guilty, he does not have to personally participate in the crime nor does he have to be present when the crime is committed." (Exhibits, pg. 18.) McKeller's trial counsel testified at the post-conviction hearing that she

had no strategic reason for omitting an objection and she had "simply overlooked" the objectionable language. (P-C.R. Tr. at 13.)

[8] The State responds that the instruction, taken as a whole, adequately informed the jury as to the requisite elements for finding McKeller guilty as an accomplice. The challenged instruction, Final Instruction 22(A), provides:

> A person who, knowingly or intentionally aids another person in committing or induces another person to commit or causes another person to commit Robbery, a Class B felony is guilty of Robbery, a Class B felony even though he does not personally participate in each act constituting the Robbery, a Class B felony.
>
> A person may be convicted of Robbery, a Class B felony even if the other person has not been prosecuted for the Robbery, a Class B felony; nor – or [sic] has not been convicted of the Robbery, a Class B felony; [or] has been acquitted of the Robbery, a Class B felony.
>
> In order to commit Robbery, a Class B felony, by aiding, inducing, or causing another to commit Robbery, a Class B felony, a person must have knowledge that he is aiding, inducing, or causing another to commit Robbery, a Class B felony. *To be guilty, he does not have to personally participate in the crime nor does he have to be present when the crime is committed.* Merely being present at the scene of the crime is not sufficient to prove that he aided, induced, or caused the crime. Failure to oppose the commission of the crime is also insufficient to prove aiding, inducing, or causing another to commit the crime. But presence at the scene of the crime or failure to oppose the crime's commission along with the defendant's companionship with the person committing the offense and conduct before and after the offense are factors which may be considered in determining whether there was aiding, inducing, [or] causing another to commit the crime.

Before you may convict the Defendant, the State must have proved each of the following elements beyond a reasonable doubt:

1. The Defendant.

2. Knowingly or intentionally.

3. Aided, or induced, or caused, Kevin Perry to commit the offense of Robbery, a Class B felony, defined as

    A. Knowingly.

    B. Took property, that is money and/or a credit card, and/or sandals from the person or presence of Brenai Baxter.

    C. By putting Brenai Baxter in fear or by using or threatening the use of force on Brenai Baxter.

    D. And when committing these elements he was armed with a deadly weapon, that is: handgun or guns.

If the State failed to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty of Robbery, a Class B felony, charged in Count I.

(Exhibits, pgs. 17-19) (emphasis added).

[9] During deliberations, the jury sent out a request for clarification of Final Instruction 22(A), specifically identifying "Part D," the language referencing a deadly weapon. (Trial Tr. at 212.) The jury question was read aloud by the

trial court, as follows: "Does this mean [McKeller] has to have a gun or just that a gun was present and used in the commission at a robbery for Part D to apply?" *Id.* By agreement of the parties, the trial court responded with a direction to the jury to "Please reread the instructions." *Id.*

[10] When an ineffective assistance of counsel claim is premised upon the trial counsel's failure to make an objection, the petitioner must show that a proper objection would have been sustained by the trial court. *Lambert v. State*, 743 N.E.2d 719, 732 (Ind. 2001). Instruction 22(A), although cumbersome, informed the jury of the requisite statutory elements to support a conviction for Robbery, as a Class B felony, and the jury was properly informed that an accomplice need not have participated in each element.[3] At the same time, however, the jury was informed that McKeller need not have participated in the properly-defined crime. "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). We thus conclude that, had trial counsel objected to the

---

[3] *See also* I.C. § 35-41-2-4, providing:

A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, even if the other person:

    (1) has not been prosecuted for the offense;

    (2) has not been convicted of the offense; or

    (3) has been acquitted of the offense.

jury being instructed that McKeller need not have participated in the charged crime, the objection would have been sustained.

[11]     Candidly, McKeller has directed our attention to a case in which a defendant directly appealing his convictions did not obtain a reversal despite the jury having been instructed that an accomplice "does not have to personally participate in the crime nor does he have to be present when the crime is committed." *Hawn v. State*, 565 N.E.2d 362, 366 (Ind. Ct. App. 1991). Hawn was convicted of fourteen counts of dealing in cocaine, three counts of conspiracy to deal cocaine, one count of corrupt business influence, and two counts of maintaining a common nuisance. There was evidence of record that Hawn had sold cocaine in Warren County, Indiana on at least nine occasions in 1987 and 1988 and that he had driven to Florida to purchase cocaine on two occasions in 1988. He was found complicit in money collection efforts made by his wife and another individual. *See id.* at 364. In that context, a panel of this Court held: "Although the State's instruction does not qualify the participation language, any error was harmless due to the strong evidence of appellant's guilt." *Id.* at 366.

[12]     According to the State, even if the performance of McKeller's trial counsel was less than optimal, McKeller was not prejudiced under the *Strickland* standard, that is, a "reasonable probability" of a different outcome, but for counsel's unprofessional error. 466 U.S. at 694. At McKeller's post-conviction hearing, the trial record was admitted into evidence. The State asserts "the evidence presented by the State against Petitioner was strong, minimizing any theoretical

prejudice," and observes that Baxter identified McKeller as a participant in her robbery.[4]  Appellee's Brief at 15.  Cell phone records placed McKeller in Baxter's vicinity during the relevant time frame and he admitted during a recorded telephone conversation that he owned a handgun with a beam.  Baxter had described the gun held on her as having a beam.

The strength of the evidence against McKeller is such that the post-conviction court could reasonably have found a lack of prejudice to McKeller from the use of instruction with some conflicting language.  Under *Strickland*, a "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome."  466 U.S. at 694.   We cannot say that the evidence before the post-conviction court, as a whole, unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court.

## Habitual Offender Plea

McKeller contends that his admission that he is a habitual offender was not made voluntarily, knowingly, and intelligently due to the lack of express advisements of waiver of certain rights at the habitual offender phase.  A habitual offender adjudication is not equivalent to conviction of a crime.  *See Harris v. State*, 964 N.E.2d 920, 927 (Ind. Ct. App. 2012).  However, if a defendant expressly admits to the habitual offender enhancement, such an

---

[4] Baxter's young son also testified that a second man was present during the robbery; he was not asked to make an in-court identification.

admission is considered a guilty plea. *See Vanzandt v. State*, 730 N.E.2d 721, 726 (Ind. Ct. App. 2000). A defendant may challenge a guilty plea only in a petition for post-conviction relief. *Saylor v. State*, 55 N.E.3d 354, 365 n. 10 (Ind. Ct. App. 2016), *trans. denied*.

[15] After his conviction by a jury, McKeller admitted he is a habitual offender and expressly waived his right to have that determination made by a jury. However, during the habitual offender phase, the judge did not expressly advise McKeller that he would be giving up his right to confront and cross-examine witnesses and the privilege against self-incrimination. McKeller asserts that his plea was involuntary because he was given less than all the advisements required by *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).

[16] In *Boykin*, the United States Supreme Court held that it was reversible error for the trial court to accept a guilty plea without an affirmative showing that it was intelligent and voluntary. "More particularly, *Boykin* requires that the record must show, or there must be an allegation and evidence which show, that the defendant was informed of, and waived, three specific federal constitutional rights: the privilege against compulsory self-incrimination, right to trial by jury, and the right to confront one's accusers." *Hall v. State*, 849 N.E.2d 466, 469 (Ind. 2006). *Boykin* does not require that the record of the guilty plea hearing evinces a formal advisement or formal waiver; rather, *Boykin* only requires that a conviction be vacated if the defendant did not know or was not advised at the time of his plea that he was waiving his *Boykin* rights. *Winkleman v. State*, 22 N.E.3d 844, 851 (Ind. Ct. App. 2014). In *Winkleman*, the Court observed that

the defendant, who had entered his plea after the guilt phase of a jury trial, had admitted to the habitual offender enhancement '"in the midst of a trial, where the *Boykin* rights are on display for all to see."' *Id.* (quoting *Hopkins v. State*, 889 N.E.2d 314, 317 (Ind. 2008)). Likewise, McKeller, who had just received advisements as part of his jury trial before proceeding to the habitual offender phase, did not establish that he was unaware of his *Boykin* rights. He has not demonstrated that his plea was involuntary.

# Conclusion

[17] McKeller was not denied the effective assistance of trial counsel and he has not shown that he entered an involuntary plea. Accordingly, the post-conviction court properly denied McKeller post-conviction relief.

[18] Affirmed.

Mathias, J., and Bradford, J., concur.